UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYNARD EDRALIN BUMAGAT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TERRY SHILLINGER, et al., <br><br> Defendants. | No. 2:17-cv-02008-TLN-GGH <br><br><br> ORDER |

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. An examination of plaintiff's request and affidavit demonstrates that he is unable to finance the fees and costs associated with this case and the court will, therefor, GRANT his motion for in forma pauperis status.

Insofar as plaintiff may be entitled to relief if the claimed violation of constitutional rights is proved, defendants will be ordered to file a response to the Complaint.

Plaintiff is hereby notified, however, that although he is entitled to represent his own interests acting in pro se, he may not represent the interests of Lorna Mansalud and S.D.S. Only persons admitted to the Bar of this court may appear here to represent parties with exceptions not applicable to this case. See Eastern District of California Local Rule 180.[1] Attempts to appear as

---

[1] A copy of the Local Rules are available in the office of the Clerk of the Court, 501 "I" Street, 4th floor, Sacramento, CA 95814, or on line at www.caed.uscourts.gov.

1

counsel for a party without meeting the requirements of this Rule may result in penalties imposed by the court. Id. at 180(5)(d). In terms of this case, plaintiff Monsalud may appear on her own behalf, in pro se, but S.D.S., who is identified in the Complaint as a minor, can nor represent himself and he cannot be a named plaintiff in the action. Johns v. County of San Diego, 114 F.3d 874, 876 (1997). Citing Cheung v. Youth Orchestra Foud. of Buffalo, Inc., 906 F.2d 59, 61 (2nd Cir. 1990); see also Federal Rule of .Civil Procedure. 17(c).[2] Thus either an attorney who meets the requirements of Rule 180, supra, must undertake S.D.S.'s representation or a guardian ad litem must seek permission to represent S.D.S.

As a result of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff Maynard Edralin Bumagat's Motion to proceed in forma pauperis is GRANTED;

2. Plaintiff is directed to eliminate now identified plaintiff Lorna Monsalud from all further filings unless Ms. Monsalud seeks pro se status or is represented by counsel'

3. Plaintiff is directed to eliminate now identified plaintiff S.D.S., a minor, from all further filings unless a qualified representative is named for him;

4. Service on the named defendants is appropriate;

5. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ. P. 4, including a copy of this court's status order, without prepayment of costs; and the current Order;

6. Plaintiff is directed to supply the U.S. Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, and shall file a statement with the court that said documents have been submitted to the United States Marshal. The court anticipates that, to effect service, the U.S. Marshal will require at least:

---

[2] Rule 17(c) reads as follows: (1) The following representatives may sue or defend on behalf of a minor . . . . (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary. (2) A minor . . . who does not have a duly appointed reprsenttive may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

a. One completed summons for each defendant;

b. One completed USM-285 form for each defendant;

c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal;

d. One copy of this court's status order for each defendant; and

e. One copy of the instant order for each defendant.

7. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

8. If the defendant waives service, he is required to return the signed waiver to the United States Marshal. If the Marshal has already attempted personal service, the filing of an answer or a responsive motion will not relieve a defendant from the potential obligation to pay the costs of service pursuant to Federal Rule of Civil Procedure 4(d)(2).

9. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA 95814, Tel. No. (916) 930-2030.

10. Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

11. If the response to the compliant is a motion, plaintiff's opposition or statement of non-opposition shall be filed and served within thirty (30) days of the service of the motion or fourteen (14) days before the date on which the motion is scheduled to be heard, whichever is sooner, and defendant may Reply seven(7) days thereafter;

**IT IS SO ORDERED**.

Dated: October 9, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

3