UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MAYNARD EDRALIN BUMAGAT, | No. 2:17-cv-02008-TLN-GGH |
|---|---|
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| TERRY SHILLINGER, et al., | |
| Defendants. | |

Plaintiff proceeds in this civil rights action in pro se and informa pauperis. The matter came before the court for hearing on a Motion to Dismiss brought by defendants Amy Furlong and Solano County. ECF No. 15. Attorney Raymond Bangle appeared for moving defendants; plaintiff did not appear.

The complaint in this case was filed on September 28, 2017. On September 29, 2017, plaintiff filed another case, 17-cv-2022, which is nearly identical to the present case, except it listed addition defendants – Solano County Child Protective Services, Krishna Abrams and Adams C. Wright – but in all essential allegations it is the same case complaining of the same wrong, i.e., false accusation, seizure and arrest of plaintiff for child molestation. On November 27, 2017 District Judge Troy L. Nunley issued an Order relating the later filed case – 17-2022 – to the instant one so that both cases would be before the same District Judge and the same Magistrate Judge. 17-2022, ECF No. 8.

1

For purposes of this Order it is instructive to provide a procedural history of this case, together with the history of the related case interlineated in the timeline of activities.

*PROCEDURAL HISTORY – 17-2008[1]*

| Date | Event |
|---|---|
| 9/28/17 | Complaint and Motion to Proceed In Forma Pauperis ["IFP"] filed. ECF Nos. 1, 2. |
| | Complaint and Motion to Proceed In Forma Pauperis filed 9/29/17. ECF Nos. 1, .2. |
| 10/6/17 | Magistrate Judge Allison Claire grants IFP status to plaintiff and Orders that service on all defendants is appropriate will be made by the U.S. Marshal. ECF No.3; summonses Civil New Case Documents issued by the Clerk of the Court. and served on plaintiff. ECF Nos. 4, 5 |
| 10/10/17 | Magistrate Gregory Hollows grants IFP status to plaintiff, directs him to remove plaintiff Lorna Monsalud from all further filings unless she seeks IFP status for herself and minor plaintiff S.D.S.unless a qualified representative appears on his behalf, and finds service on all defendants is appropriate and will be made by the U.S. Marshal. Summonses and New Case Documents are issued and served on plaintiff by the Clerk of the Court.ECF Nos. 3, 4, 5. |
| 10/16/17 | Plaintiff files a Motion to Appoint Counsel. ECF No. 6. |
| 10/19/17 | Magistrate Claire denies Motion to Appoint Counsel. ECF No. 7 |
| 11/6/17 | Notice of Related Case filed by defendants notifying the court that this case and 17-cv-2022 are related and therefore should be set before the same judicial officers. ECF No. 6. |
| 11/8/17 | Despite the court order requiring service by the Marshal, Plaintiff serves his own documents; summonses are returned executed by defendants Bassett, Bidou, City, Furlong and Shillinger, all served on 10/24/17. ECF No. 7. |
| | Plaintiff files Notice of Submission of Service Documents to U.S. Marshal. ECF No. 8. |
| | Plaintiff files First Amended Complaint. ECF No. 9 |
| 11/15/17 | Defendants Solano County and Amy Furlong file Motion to Dismiss and set it for hearing on 12/14/17 before District Judge Troy L. Nunley. ECF No. 11. |
| | Letter from plaintiff indicating his confusion regarding which of the two, nearly identical complaints, is the lead action. ECF No. 13. |

---

[1] References to the actions taken in the related case, 17-2022, will appear in the date block, in italic font, to distinguish it from the history of the case addressed here.

2

| | | |
|---|---|---|
| | 11/16/17 | Minute Order issued by District Judge Nunley removing the defendants' Motion to Dismiss from his calendar and directing that it be renoticed before this Magistrate Judge. ECF No. 12. |
| | 11/21/17 | Motion to Dismiss by defendants Solano County and Amy Furlong set for hearing before this Magistrate Judge on January 4, 2018 at 9:00 a.m. ECF No. 15. |
| | 11/22/17 | Answer filed by defendants Jeff Basset, Andrew Bidou, City of Vallejo and Terry Shillinger with Jury Demand and Decline to proceed before Magistrate Judge by same defendants. ECF Nos. 16, 17. |
| | 11/27/17 | Notice of Related Case reassigning 2:17-cv-2022 to this Magistrate Judge and directing that all further documents filed pertaining to the related and now reassigned case be denominated 2:17-2022-TLN-GGH. ECF No. 18. |
| | | Notice of Related case reassigning as above with the same instructions. ECF No. 8.[2] |
| | 12/06/17 | Plaintiff's Motion to Strike Affirmative Defenses raised in the Answer filed in 17-2008 by defendants Basset, Bidou, City of Valejo and Terry Shilllinger misfiled in 17-2022 in disregard of the instructions in the 11/27/17 Related Case Order filed in both cases. ECF No. 9. |
| | | Plaintiff's Motion for Leave to File Amended Complaint. ECF No. 10 |
| | 12/06/17 | Plaintiff's Fourth Amended Complaint (misnumbered as there is no Second or Third Amended Complaint), filed. ECF No. 11. |
| | | Plaintiff's Motion to Re-issue Summonses, apparently to permit service of Fourth Amended Complaint. ECF No. 12. |
| | | Plaintiff's Motion for Procedural Accomodations seeking advice and guidance from the court regarding future pleadings and filings. ECF No. 13.[3] |
| | | Plaintiff's Opposition to Motion to Dismiss on the court's calendar in 17-2008 filed in error in 17-2022. |
| | 12/27/17 | Order rescheduling hearing on Motion to Dismiss from 1/4/18 to 1/18/18 before this Magistrate Judge at 9:00 a.m., and directing plaintiff to file a Declaration explaining why he has not filed Opposition to that Motion to date and directing he file opposition no later than January 4, 2018. ECF No. 19. |
| | 1/8/18 | Plaintiff's Response to ECF No. 19 explaining he filed his Opposition in 17-2022 in error and listing the Motions he filed in that case as well). ECF No. 20. |

---

[2] At this point the question posed by plaintiff in his letter found at ECF No. 13 in case 17-2022 has been answered – 17-2008 is the lead case going forward.

[3] This is one of the issues that would have been discussed had plaintiff appeared for the hearing held on January 18, 2018.

3

| | |
|---|---|
| | Plaintiff's Opposition to Motion to Dismiss filed. ECF No. 21. |
| | Plaintiff's Motions to Strike Affirmative Defenses found in Answer filed in 17-2022, ECF No. 22, for Extension of Time to Serve Process, ECF No. 23, for Procedural Accommodation, ECF No. 24, Motion to Amend the Complaint, ECF No. 25, Fourth Amended Complaint, ECF No. 26, and Motion to Reissue Summons, ECF No. 27 (see entry on 12/6/17 in 17-2022 above). |
| 1/11/18 | Reply to Plaintiff's Opposition to Motion to Dismiss filed by Solano County and Amy Furlong. ECF No. 28. |

## *DISCUSSION*

The foregoing convoluted history of these two related cases demonstrates that plaintiff has either misread or misapprehended the Orders that have been issued in these two related cases. It would appear, however, that he had to be aware of the hearing scheduled for and held on January 18, 2018, insofar as he filed both his Opposition to the Motion and his own Motions improperly filed in 17-2022, on January 11. Further, he recites fact that the Motion to Dismiss is to be heard, but improperly notes the date of hearing to be January 4, 2018 – four days before he filed the Opposition – despite the fact that he responded to the Court's December 27, 2017 Order, ECF No. 19, recalendaring the hearing for January 11, and directing him to file that Opposition, which he did.

This court has no way to know whether plaintiff came to the court to appear for a hearing on the date originally notice – January 4. If he did so, the court would expect that he would have found a locked courtroom and therefore would repair to the Clerk's office to attempt to determine what had happened. The Court has, however, received no notice of such an inquiry from the Clerk's office and no direct inquiry from plaintiff on this point.

Given that the pleadings that have been filed by plaintiff are both well articulated and well planned, this confusion is difficult to understand. It has, however, cast a profound doubt on the ability of plaintiff to prosecute his action effectively. Although pro se litigants are given a great deal of leeway in proceedings in federal courts in terms of properly stating their claims, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), that is not the problem here. Rather, here the issue is whether plaintiff is willing and

able to read the Orders sent to him carefully and follow their directions.  Moreover, the ideal opportunity for the court to explain procedures and processes is during hearings.  Unless and until the court vacates a noticed motion from calendar, it is not optional for the parties, here plaintiff, to show up.  The court can clear up confusion during hearings because all parties are present.

*CONCLUSION*

The plaintiff must, at this point, show cause why he did not attend the January 18, 2017 hearing, where his questions could be asked and answers be given, and therefore why his absence does not result in a failure to prosecute sufficient to allow dismissal of this case for failure to prosecute and or for failure to follow court orders.  That failure results in a great burden both on the court who reviews the pleadings to be dealt with in hearings and the opposing parties who must be prepared for and attend the hearings that are noticed.  If plaintiff cannot sustain this burden there is no way this matter can proceed.

In light of the foregoing IT IS THEREFORE ORDERED that:

1. Plaintiff shall respond to this Order to Show Cause within 30 days of the issuance of this Order;

2. His response shall both explain why he did not attend the hearing and how he intends to alter his attention to the court's order to avoid further delay and fruitless imposition upon both the court and the defendants and their counsel.

Dated: January 22, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE