UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYNARD EDRALIN BUMAGAT,<br><br>Plaintiff,<br><br>v.<br><br>TERRY SHILLINGER, et al.,<br><br>Defendants. | No. 2:17-cv-2008-TLN-KJN (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. <u>INTRODUCTION</u>

Presently pending before the court are defendants' motions to dismiss the operative Fourth Amended Complaint ("FAC").[1] Defendants Amy Furlong, Krishna A. Abrams, and the County of Solano ("County Defendants")[2] move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 46.) Defendants Terry Shillinger, Andrew Bidou, Jeff Bassett, and the City of Vallejo ("City Defendants") move to dismiss pursuant to Federal Rule of Civil

---

[1] The Fourth Amended Complaint is, in fact, the Second Amended Complaint in this matter. (See ECF Nos. 1, 9, 26.) Nevertheless, for ease of reference and to remain consistent with the other filings on the docket, the undersigned continues to refer to this pleading as the Fourth Amended Complaint, or "FAC."

[2] The FAC also names two additional County Defendants: Solano County Deputy District Attorney, Adam C. Wright and an unidentified Child Protective Services supervisor. (FAC ¶¶ 12, 125-28) Neither has been served and neither has appeared.

1

Procedure 41(b). (ECF No. 55.) On November 29, 2018, the court took these motions under submission on the briefing. (ECF No. 58.) Plaintiff filed untimely oppositions to each and City Defendants replied. (ECF Nos. 59, 62-64.)

After carefully considering the parties' written briefing, the court's record, and the applicable law, and for the following reasons, the court recommends that County Defendants' motion to dismiss be GRANTED. Additionally, the court DENIES City Defendants' motion to dismiss; orders plaintiff to pay $100.00 in sanctions; and orders service of the FAC on defendant Henry Soliman.

II.     RELEVANT BACKGROUND

    A.     Procedural History

Plaintiff Maynard Edralin Bumagat, who proceeds without counsel and *in forma pauperis*, initiated this action on September 28, 2017, bringing numerous causes of action against defendants relating to an alleged false accusation that plaintiff committed child sex abuse, which resulted in plaintiff's arrest, detention, and separation from his stepson. (See generally ECF No. 1.) A complicated procedural history has ensued, exacerbated by plaintiff's frivolous filings and by his multiple failures to comply with court orders and prosecute the case. (See, e.g., ECF Nos. 18-20, 24, 31, 34, 39, 50, 53.) A summary of the most relevant events follows.

On January 8, 2018, plaintiff filed the FAC. (ECF No. 26.) United States Magistrate Judge Gregory G. Hollows conducted a hearing on April 5, 2018, attended by Maynard Bumagat and counsel for both City and County Defendants. (ECF No. 38.) All those present agreed that the FAC would become the operative complaint. Thereafter, the court directed City Defendants to file an amended answer, and ordered service of the FAC on County Defendants. (ECF No. 39.)

The court did not order service of the FAC on defendant Henry Soliman, even though Soliman had previously been served and on November 20, 2017, filed a notice declining the jurisdiction of a United States Magistrate Judge. (ECF No. 14.) Soliman has not appeared since November 20, 2017, and the court is unaware of any efforts by plaintiff to ensure that he has been served the FAC.

County Defendants filed their pending motion to dismiss on June 25, 2018. (ECF No.

46.) Plaintiff failed to timely oppose the motion or to file a motion of non-opposition. As a result, on August 29, 2018, Judge Hollows recommended dismissal of all claims against County Defendants without leave to amend pursuant to Rule 41(b), based on plaintiff's failure to follow court orders and prosecute the case. (ECF No. 50.) Judge Hollows specifically observed:

> Almost a full year after the filing of the original complaint in this matter the litigation has not progressed past the pleading stage despite orders to show cause issued by this court clearly outlining plaintiff's obligations to the court and to the opposing parties. Although this court understands the difficulties of litigating pro se, and affords opportunities to correct oversights, this deference is not endless. In this case plaintiff has been repeatedly accorded this level of deference . . . He nonetheless continues to ignore court orders, resist direction given to him by the court, and instead draws this litigation out endlessly with no apparent intent to move it toward resolution.

(ECF No. 50 at 2-3.)

On September 27, 2018, United States District Judge Troy L. Nunley determined that plaintiff's failures to date did not justify the severe remedy of dismissal and declined to adopt the findings and recommendations. (ECF No. 54) The matter was referred "back to the magistrate judge for a determination on the merits of [County Defendants'] motion to dismiss." (Id.)

Thereafter, on November 26, 2018, City Defendants filed their pending motion to dismiss, based on plaintiff's failure to follow court orders and prosecute the case, pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 55.)

On November 28, 2018, this case was reassigned to the undersigned due to the retirement of Judge Hollows. (ECF Nos. 56 and 57.) The next day, the court issued an order clarifying that no further briefing would be entertained as to County Defendants' motion, but that any opposition to City Defendants' motion was due no later than December 17, 2018. (ECF No. 58.) Plaintiff was explicitly warned that "[f]ailure to timely respond to [City Defendants'] motion will be deemed to be plaintiff's statement of non-opposition and consent to a summary grant of the motion, and will result in dismissal of the action with prejudice." (Id.)

Nevertheless, in contravention of the court's order, plaintiff filed an untimely opposition to each motion. (ECF Nos. 59, 62.)

/////

B. <u>Fourth Amended Complaint</u>

The FAC brings fifteen claims against three categories of defendants: City Defendants; County Defendants; and Henry Soliman. (<u>See generally</u> Fourth Amended Complaint, ECF No. 26 ["FAC"].)

1. *Relevant Factual Allegations*

The FAC alleges the following. Plaintiff is married to Lorna Monsalud and the stepfather of minor, S.D.S. (FAC ¶ 3.) Henry Soliman is the biological father of S.D.S. (FAC ¶ 8.) On September 8 and 9, 2016, Soliman and S.D.S. met with Solano County Child Protective Services ("CPS") social worker Amy Furlong "for an interview regarding the child's statement suggesting [p]laintiff had performed . . . oral sex with the child, and that . . . Monsalud ha[d] knowledge of the incident but failed to protect the child." (FAC ¶¶ 4, 47).

On September 9, 2016, Vallejo Police Department detective Terry Shillinger approached plaintiff at his place of business. (FAC ¶¶ 5, 27-35.) Shillinger invited plaintiff to come to the police station to answer some questions. (FAC ¶ 29.) Plaintiff responded that he would do so after work. (<u>Id.</u>) Shillinger claimed that he did not have the time to wait, and placed plaintiff under arrest for performing oral sex on a minor. (FAC ¶¶ 30-31.)

Shillinger refused to tell plaintiff who had made the complaint against plaintiff; acted rudely; made inappropriate comments; and told plaintiff that he would be spending time in prison, before reading him his <u>Miranda</u> rights. (FAC ¶¶ 32-33.) Shillinger also interviewed Monsalud regarding the allegations against plaintiff, which she denied. (FAC ¶ 45.)

After the arrest, Shillinger and staff at the Fairfield County Jail ignored plaintiff's complaints about his diabetic condition for hours, until plaintiff was examined by a medical professional and transported to a hospital for treatment for high blood pressure and high blood sugar. (FAC ¶¶ 34-42.) Later that day, plaintiff was released from the hospital and booked back into the county jail. (FAC ¶ 43.)

Plaintiff was able to speak with Monsalud the next day, September 10, 2016. (FAC ¶ 48.) That same day, he posted bail and was released from jail. (<u>Id.</u>) Plaintiff was directed to appear at the Solano County Superior Court on September 30, 2016. (<u>Id.</u>)

4

On September 9 and 10, 2016, Soliman informed Monsalud that Furlong had told him that S.D.S. was not allowed to be around or near plaintiff. (FAC ¶¶ 46, 49.) Soliman did not provide any paperwork or court order to support his claim. (Id.)

Furlong invited Monsalud and plaintiff for an interview at CPS, on or about September 16, 2016, which they declined on advice from their attorney. (FAC ¶ 52.)

Plaintiff appeared at the Solano County Superior Court on September 30, 2016. (FAC ¶ 54.) The matter was not on for a hearing. Instead, plaintiff received a "Notice of Pending Prosecution" signed by District Attorney Krishna Abrams that indicated that, as a result of the pending investigation, no charges were being filed at that time. (Id.) In October 2016, plaintiff was denied a copy of his police report and the Vallejo Police Department rejected his complaint against Shillinger. (FAC ¶¶ 56-57.)

2. *Relevant Claims*

The gravamen of plaintiff's complaint appears to be that he "has not been adequately afforded the opportunity to confront his accusers in a court of law, to know and to examine the evidence from which was the basis of [defendants'] determination . . . [that he had committed a crime, and which resulted in him being] detained, arrested and imprisoned." (FAC ¶ 58.) The court need only consider in detail those claims against County Defendants because they are the only claims that are presently challenged on the merits. (See ECF Nos. 46, 55.)

i. **Krishna Abrams and Adam Wright**

Pursuant to 42 U.S.C. § 1983, the FAC alleges that District Attorney Abrams and Deputy District Attorney Adam Wright committed professional misconduct because they "willfully perpetuated the prosecution [of plaintiff] while knowing it lacked support of [] probable cause . . . [and] deprived Plaintiff of pretrial rights and the right to a preliminary hearing." (FAC ¶¶ 159-61.) They also allegedly failed to fairly participate in the investigation and failed to exonerate plaintiff. (FAC ¶¶ 162-63.)

ii. **Amy Furlong**

Pursuant to 42 U.S.C. § 1983, the FAC alleges that Furlong violated plaintiff's rights under the Fourteenth Amendment. (FAC ¶¶ 91-102.) Namely, Furlong allegedly violated

plaintiff's right to due process by interviewing Soliman and S.D.S. without notifying plaintiff "during the interview period" and offering him the opportunity to challenge the allegations. (FAC ¶¶ 93-95.) Further, Furlong allegedly violated plaintiff's right to family integrity and association by "knowingly providing false information regarding her investigation report," completing a risk assessment "without reasonable grounds," and assigning custody of S.D.S. to Soliman without a court order. (FAC ¶¶ 96-99.)

### iii. Solano County and CPS Supervisor

The FAC also includes a claim for "municipal liability" against Solano County, alleging that the county caused Furlong's constitutional torts by failing to adequately train, supervise, and discipline employees. (FAC ¶¶ 142-146.) Similarly, the FAC includes a claim for "supervisor liability" against an unidentified CPS supervisor based upon his or her failure to adequately supervise Furlong. (FAC ¶¶ 125-28.)

### iv. Claims of Conspiracy

Additionally, the FAC lists two similar claims of conspiracy, pursuant to 42 U.S.C. § 1985(3). First, Furlong and Detective Shillinger allegedly conspired to provide false and incomplete information regarding the investigation and to "depriv[e] Plaintiff of his right to the equal protection of the law by deliberate denial of Plaintiff[']s rights to attend, and to meaningfully participate in, the investigative proceeding . . ." (FAC ¶¶ 105-06.) Second, all City and County Defendants allegedly conspired with "the purpose to deny Plaintiff[] of the rights to confront his accusers in a court of law, to view and to investigate the evidence and or report which was the basis of the determination and the decision for their conduct towards Plaintiff[] and the perpetuation of the unfounded child sex abuse allegation. . ." (FAC ¶ 138.)

## III. LEGAL STANDARDS

### A. Subject Matter Jurisdiction – Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction to hear the complaint. A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v.

6

Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

B. Failure to State a Claim – Rule 12(b)(6)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity

7

to cure them if it appears at all possible that the plaintiff can correct the defect. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in <u>Iqbal</u>).

    C.    Failure to Follow Court Orders – Rule 41(b)

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

IV.    <u>DISCUSSION</u>

    A.    <u>County Defendants</u>

Broadly, County Defendants assert that the claims against them should be dismissed based upon various immunities and plaintiff's failure to state a claim. (<u>See generally</u> ECF No. 46-1.) These arguments are generally well-taken, as explained herein. Plaintiff's untimely arguments in

////

////

opposition are unavailing.[3]  (See generally ECF No. 59.)

       1.  *Krishna Abrams and Adam Wright*

  County Defendants argue that District Attorney Abrams is entitled to absolute prosecutorial immunity.  (ECF No. 46-1 at 19-20.)  Plaintiff has not opposed this argument.

  It is well established that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  Additionally, "[p]rosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority."  Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).  Such absolute immunity applies "even if it leaves the genuinely wronged defendant without civil redress against a prosecutor whose malicious and dishonest action deprives him of liberty."  Id. at 1075.

  Here, Abrams determined that prosecution of plaintiff was not warranted based upon the investigation that occurred.  (FAC ¶ 54.)  However, Abrams also allegedly failed to hold a hearing, properly investigate the matter, or exonerate plaintiff.  (FAC ¶¶ 159-63.)  Because there was no prosecution of plaintiff, it is unclear what damages or harm he suffered as a result of Abrams' alleged actions.  In any event, all of Abrams' alleged actions pertained to her decision not to prosecute plaintiff and were thus within the scope of her authority as a prosecutor.  Therefore, Abrams is entitled to absolute immunity.

  Similarly, even though Deputy District Attorney Wright has not appeared in this matter, he is also entitled to absolute immunity because the allegations against him are identical to those brought against Abrams.  (FAC ¶¶ 156-63.)

  "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be made without notice

---

[3] Because plaintiff's opposition was untimely, the court need not consider his arguments. Nonetheless, in light of the plaintiff's *pro se* status and the court's strong desire to resolve these issues on the merits, the court has considered plaintiff's arguments.

where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes *sua sponte* dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared"); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

To the extent that Adams and Wright are also included in plaintiff's claims of conspiracy, they are also entitled to absolute immunity, as plaintiff has failed to allege that they committed any actions outside of their scope as prosecutors.

2. *Amy Furlong*

County Defendants assert that Furlong is absolutely immune from prosecution for her actions as a social worker, and that plaintiff has otherwise failed to state a claim against her. (ECF No. 46-1 at 11-17, 20-22.) Plaintiff counters that Furlong is, at best, entitled to qualified immunity. (ECF No. 59 at 8.) Yet, according to plaintiff, Furlong is not shielded by qualified immunity here because she provided "false or incomplete information regarding her investigation . . . that result[ed] [in] the false arrest and imprisonment of Plaintiff . . ." (Id.)

Whether a social worker is entitled to absolute immunity depends on the function she has performed. "Absolute immunity is extended to . . . social workers, when they are performing quasi-prosecutorial and quasi-judicial functions. . . . However, social workers are not afforded absolute immunity for their investigatory conduct, discretionary decisions or recommendations." Tamas v. Dep't of Soc. & Health Servs., 630 F.3d 833, 842 (9th Cir. 2010). If not entitled to qualified immunity, a social worker may nonetheless be entitled to qualified immunity. Id.

To determine whether a state actor defendant is shielded by qualified immunity, courts must inquire: "(1) whether the facts, taken in the light most favorable to the party asserting the injury, show that the [official]'s conduct violated a constitutional right and (2) if so, whether the right was clearly established, such that a reasonable official would understand that his conduct violated that right." Tamas, 630 F.3d at 842. Importantly, at step two of this inquiry, the alleged

constitutional right in question must have been clearly established in a fairly

> particularized . . . sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

Anderson v. Creighton, 483 U.S. 635, 640, (1987) (internal citation omitted).

The Supreme Court has clarified that "[q]ualified immunity is 'an immunity from suit rather than a mere defense to liability'" and courts need not engage in purely academic exercises. Pearson v. Callahan, 555 U.S. 223, 237 (2009). As such, courts may proceed directly to step two of the qualified immunity inquiry, especially "where it is plain that a constitutional right is not clearly established but far from obvious whether in fact there is such a right." Id.

Here, the FAC alleges that Furlong violated two of plaintiff's Fourteenth Amendment rights in connection with her investigation of the accusations against plaintiff. (See FAC ¶¶ 91-102.) Even assuming, without deciding, that Furlong is not entitled to absolute immunity, the claims against her are subject to dismissal due to qualified immunity and plaintiff's failure to state a claim.

i. **Due Process**

Furlong allegedly violated plaintiff's right to due process under the Fourteenth Amendment by interviewing Soliman and S.D.S. without notifying plaintiff "during the interview period" and offering him the opportunity to challenge the allegations. (FAC ¶¶ 93-95.)

Plaintiff has not cited to any legal authority that requires a social worker investigating allegations of child sex abuse to include the suspected stepparent in the interview of either the subject child or the biological parent. Nor has plaintiff cited to any authority indicating that a stepparent must be notified of such an interview before it occurs. Furthermore, the court is unaware of any authority establishing such requirements under the Fourteenth Amendment.

Courts have, however, commented that due process allows "some latitude" to investigators when interviewing child witnesses in child sex abuse investigations. See Devereaux v. Abbey, 263 F.3d 1070, 1075 (9th Cir. 2001) ("there is no constitutional due process right to

have child witnesses in a child sexual abuse investigation interviewed in a particular manner, or to have the investigation carried out in a particular way"); cf. Idaho v. Wright, 497 U.S. 805, 819 (1990) (noting, in a Confrontation Clause context, that "[a]lthough the procedural guidelines propounded by the court below may well enhance the reliability of out-of-court statements of children regarding sexual abuse, we decline to read into the Confrontation Clause a preconceived and artificial litmus test for the procedural propriety of professional interviews in which children make hearsay statements against a defendant"); Myers v. Morris, 810 F.2d 1437, 1460-61 (8th Cir. 1987) (discussing in detail this "grey area of investigative procedure as to which there were, and probably still are, less than clearly established legal norms").

It is far from apparent, under current caselaw, that Furlong violated plaintiff's due process rights by interviewing Soliman and S.D.S. without notifying or involving plaintiff. Therefore, Furlong is shielded by qualified immunity as to these allegations.

ii. **Family Integrity and Association**

Plaintiff also alleges that Furlong violated his right to family integrity and association under the Fourteenth Amendment by "knowingly providing false information regarding her investigation report," completing a risk assessment "without reasonable grounds," and assigning custody of S.D.S. to Soliman without a court order. (FAC ¶¶ 96-99.)

"Parents and children have a well-elaborated constitutional right to live together without governmental interference. That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency." Hardwick v. Cty. of Orange, 844 F.3d 1112, 1116 (9th Cir. 2017).

Plaintiff has not cited to any authority—and neither is the court aware of any authority—establishing that a stepparent enjoys this same right. It seems far from apparent, under current caselaw, that this liberty interest may be invoked by stepparents. However, even assuming, without deciding, that plaintiff enjoys such a clearly established right vis-à-vis his stepson, plaintiff has failed to sufficiently state any such claim.

Fundamentally, plaintiff's allegations are mere conclusions. Plaintiff has not explained

how he knows that Furlong knowingly provided false information in her reports. According to plaintiff's own allegations, Furlong interviewed Soliman and S.D.S., who reported allegations of child sex abuse to her, which in turn served as the basis of her reports to law enforcement. (FAC ¶ 47.) According to the FAC, not even Soliman knew that these allegations were false at the time. (Id.) Soliman "heard the allegations from his son" on September 4, 2016, and "contacted CPS and made an appointment with Amy Furlong to help determine if his son was telling the truth." (Id.) There is no indication how Furlong knew—or should have known—that these accusations were false.

Further, Soliman is the one who allegedly claimed that Furlong told him not to allow S.D.S. near plaintiff while the investigation was pending. (FAC ¶¶ 46, 49.) There is no indication that Furlong ever communicated this fact to plaintiff or Monsalud. Nor is there any indication that plaintiff knows whether Furlong actually gave Soliman this direction. Plaintiff does not plead any facts—beyond his own conclusion—to support the assertion that Furlong assigned custody to Soliman without a court order.

Thus, the complaint lacks sufficient factual matter to state a claim that is plausible on its face regarding Furlong's purported violation of plaintiff's right to family integrity and association. See Iqbal, 556 U.S. at 678.

### 3. *Solano County and CPS Supervisor*

Because there is no respondeat superior liability under § 1983, counties and municipalities may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691-94 (1978). Stated differently, "[i]t is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983." Canton v. Harris, 489 U.S. 378, 385 (1989).

With his claim of "supervisor liability" against an unidentified CPS supervisor, plaintiff attempts to state a claim of respondeat superior liability under § 1983 (see FAC ¶¶ 125-28), which is not allowable under Monell, and which necessarily fails. Moreover, because plaintiff has failed to establish any underlying constitutional tort by any individual county official, his

Monell claim against Solano County (see FAC ¶¶ 142-46) also necessarily fails.

### 4. *Claims of Conspiracy*

County Defendants assert that plaintiff has failed to state a viable claim of conspiracy under 42 U.S.C. § 1985(3). (See ECF No. 46-1 at 20-29.) To state a a claim under § 1985(3), a plaintiff "must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott, 463 U.S. 825, 828-29 (1983).

Importantly, "plaintiff must state specific facts to support the existence of the claimed conspiracy." Burns v. Cty. of King, 883 F.2d 819, 821 (9th Cir. 1989). Moreover, "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." Caldeira v. Cty. of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989).

Here, plaintiff's claims of conspiracy center on conclusory allegations—namely, that defendants conspired to provide false and incomplete information regarding the investigation; to deny plaintiff the right "to attend, and to meaningfully participate in, the investigative proceeding;" and to prevent plaintiff from "confront[ing] his accusers in a court of law . . ." and from viewing and investigating the evidence against him. (FAC ¶¶ 105-06, 138). These claims fail for two related reasons.

First, the FAC lacks sufficient factual matter to state a claim of conspiracy that is plausible on its face. See Iqbal, 556 U.S. at 678. The allegations of conspiracy are conclusory and unsupported by any specific facts. See Burns, 883 F.2d at 821. There is no indication how plaintiff knows that the parties conspired against him, nor is there any description of what act(s) they took in furtherance of the alleged conspiracies.

Second, plaintiff's claims of conspiracy and his § 1983 claims against County Defendants are predicated on the same set of conclusory allegations. Because plaintiff has failed to state a claim against any of the individual County Defendants, the conspiracy claims necessarily fail as

14

well.  See Caldeira, 866 F.2d at 1182.

Therefore, all of plaintiff's claims against County Defendants are subject to dismissal. Additionally, the court finds that further leave to amend would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (holding that the district court did not abuse its discretion in denying leave to amend, when further amendment was deemed to be futile). Plaintiff has already been granted leave to amend in this matter, which did not cure these deficiencies.  Moreover, in his opposition plaintiff does not point to any new facts that he could allege against County Defendants that would state a claim or defeat the immunities set forth herein.  (See ECF Nos. 3, 39, 59.)

      B.     City Defendants

In their motion to dismiss, City Defendants do not challenge the sufficiency of plaintiff's claims against them.  (See ECF No. 55-1.)  Rather, City Defendants seek dismissal based on plaintiff's failures to comply with court orders and prosecute the case.  (Id.)

On September 28, 2018, the court concluded that plaintiff's various failures to date did not justify dismissal of the matter.  (ECF No. 54)  Yet, on November 26, 2018, City Defendants filed their pending motion asserting that plaintiff's failures do, in fact, justify dismissal—even though plaintiff had not committed any additional failures between September 28, 2018, and November 26, 2018.  (ECF No. 55-1.)  Thus, City Defendants' arguments are contrary to settled law-of-the-case and unavailing.  See Musacchio v. United States, 136 S. Ct. 709, 716 (2016) ("The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case").

However, plaintiff did subsequently fail to comply with the court's November 29, 2018 order, when he filed untimely oppositions to both County and City Defendants' motions to dismiss.  (ECF Nos. 58, 59, 62.)  Plaintiff filed these untimely oppositions even though the court explicitly warned him that "[f]ailure to timely respond to [City Defendants'] motion will be deemed to be plaintiff's statement of non-opposition and consent to a summary grant of the motion, and will result in dismissal of the action with prejudice."  (ECF No. 58 at 2.)

Notwithstanding this admonishment and plaintiff's failure to file a timely opposition, City

1 | Defendants' motion to dismiss is based upon arguments that are plainly contrary to the law-of-the-case and does not provide adequate grounds to dismiss plaintiff's claims.  At the same time, plaintiff's latest failure to follow an order of the court is sufficient grounds for the court to issue sanctions against him.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds).  The Eastern District Local Rules explain that

> [a]ny individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

E.D. Cal. L.R. 183(a).  Further, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.

Here, despite repeated warnings, plaintiff "continues to ignore court orders [and] resist direction given to him by the court." (ECF No. 50 at 3.)  Therefore, in light of plaintiff's failure to follow the court's November 29, 2018 order, he is sanctioned $100.00, to be paid as directed in this order.

C.    Henry Soliman

During the April 5, 2018 hearing in this matter, no one appeared on behalf of defendant Soliman. (ECF No. 38.)  It appears that, due to the multiple issues before the court at that time, the court inadvertently overlooked the need to have the FAC served on Soliman.  Accordingly, plaintiff shall serve the FAC on defendant Henry Soliman, through the U.S. Marshal, as directed in this order.

/////
/////
/////
////

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. County Defendants' motions to dismiss (ECF No. 46) be GRANTED.

2. All claims against defendants Amy Furlong, Krishna A. Abrams, Adam C. Wright, the unidentified Child Protective Services supervisor, and the County of Solano be DISMISSED without leave to amend.

IT IS ALSO HEREBY ORDERED that:

1. City Defendants' motion to dismiss (ECF No. 55) is DENIED.

2. **Plaintiff shall pay the Clerk of Court $100.00 in monetary sanctions based on his failure to comply with an order of the court (ECF No. 58). Due to his *in forma pauperis* status, plaintiff shall pay the sanctions in increments of $20, with <u>payments to be received by the Clerk of Court no later than the following dates</u>: April 29, 2019; May 27, 2019; June 24, 2019; July 29, 2019; and August 26, 2019.**

3. Plaintiff, through the U.S. Marshal, shall serve the Fourth Amended Complaint on defendant Henry Soliman.

4. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

5. Plaintiff is advised that to effectuate service on Henry Soliman, the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form;

    c. Two copies of the Fourth Amended Complaint; and

    d. A copy of this order and related documents for Henry Soliman.

6. **Plaintiff shall supply the U.S. Marshal, <u>within 30 days</u> from the date this order is filed, with all information needed by the U.S. Marshal to effectuate service of process, and shall, <u>within 10 days thereafter</u>, file a statement with the court that such documents have been submitted to the U.S. Marshal.**

7. The U.S. Marshal shall serve process, with copies of this court's order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs.

8. If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service by the U.S. Marshal.

9. The Clerk of Court shall serve a copy of this order on the U.S. Marshal.

10. **Plaintiff's failure to timely comply with this order may result in a recommendation of dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: March 27, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE