UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYNARD EDRALIN BUMAGAT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TERRY SCHILLINGER, et. al.,<br><br>　　　　Defendants. | No. 2:17-cv-2008-TLN-KJN PS<br><br>ORDER VACATING HEARING AND REQUIRING PLAINTIFF TO FILE OPPOSITION (OR NON–OPPOSITION) |

This case arises from allegations that Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights by investigating an alleged false accusation that Plaintiff committed child sex abuse, which resulted in plaintiff's arrest, detention, and separation from his stepson. (See generally ECF No. 46.) In the parties' joint status report, and again at the August 22, 2019 status conference, Defendants made known their intent to file a judgment on the pleadings. (See ECF Nos. 81–83.) On September 17, 2019, Defendants did so file, and set the motion for an October 24, 2019 hearing. (ECF No. 86.)

Under the Court's local rules, Plaintiff was obligated to file and serve written opposition or a statement of non–opposition by October 10. See E.D. Cal. L.R. 230(c) (stating that "[o]pposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. . . . . A responding party who has no opposition to the granting of the motion shall serve and file a

1

statement to that effect, specifically designating the motion in question."). Despite the local rules, Plaintiff failed to file a written opposition or statement of non-opposition to Defendant's motion.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[1] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and

---

[1] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to Rule 12 motion. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

may impose sanctions including dismissal or default). Further, if opposition to a motion has not been filed, Local Rule 230 allows for courts in this district to bar a party from being heard at the hearing, as well as to construe the absent filing as non–opposition to the motion. See L.R. 230(c).

Because Plaintiff has failed to timely file his opposition to Defendants' motion, he has forfeited his right to be heard at oral arguments on this matter. See L.R. 230(c). Given that Defendants have fully briefed the issues raised, the Court vacates the hearing.

Additionally, the Local Rules allow for Plaintiff's failure to file an opposition to be construed as non–opposition to Defendants' motion. See Id. Further, case law supports involuntary dismissal for failure to prosecute. Hells Canyon, 403 F.3d at 689; Ferdik, 963 F.2d at 1260. However, in light of Plaintiff's pro se status and a desire to resolve the issues on the merits, the Court will provide Plaintiff with an additional opportunity to respond to Defendants' motion (or file a statement of non–opposition thereto). Any future failure to follow the local rules will result in a Rule 41(b) dismissal.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall file written opposition to Defendant's motion for judgment on the pleadings (ECF No. 86), or a statement of non-opposition thereto, on or before October 31, 2019, at 4:00 P.M. Plaintiff's failure to do so will be deemed a statement of non-opposition to the pending motion. Further, the Court will consider sanctioning Plaintiff for failing to follow the Court's orders, including a recommendation that Plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b);

2. Defendant may file a written reply to Plaintiff's opposition, if any, on or before November 7, 2019; and

3. The hearing on Defendants' motion is vacated. The matter will be taken under submission after all briefing has been submitted. Should the Court require a hearing on this matter, one will be scheduled at a later date.

IT IS SO ORDERED.

Dated: October 17, 2019

buma.2008

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE