UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYNARD EDRALIN BUMAGAT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TERRY SCHILLINGER, et. al.,<br><br>　　　　　　Defendants. | No. 2:17-cv-2008-TLN-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS WITH PREJUDICE FOR FAILURE TO PROSECUTE<br><br>(ECF Nos. 86, 88) |

This case arises from allegations that Plaintiff's constitutional rights were violated when Defendant Soliman reported Plaintiff to law enforcement authorities and when Vallejo officers investigated and arrested Plaintiff. (See ECF No. 26, the Fourth Amended Complaint.) At the August 22, 2019 Status Conference, Defendants Jeff Basset, Andrew Bidou, City of Vallejo, and Terry Shillinger (the "City Defendants") asserted their intent to file a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (See ECF No. 83 at p. 3.) The City Defendants did so file on September 17, seeking judgment on the remaining claims against them, and set the matter for an October 24 hearing. (ECF No. 86.) Plaintiff, proceeding pro se, did not file an opposition as required by Local Rule 230. (See ECF No. 87.) Considering Plaintiff's pro se status, the Court rescheduled the hearing and ordered Plaintiff to file an opposition or notice of non–opposition. (ECF No. 88.) Plaintiff did neither. (ECF No. 89.)

For the reasons stated below, the Court recommends this case be dismissed with prejudice

1

and the case be closed.

**Legal Standard**

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendants;
> (4) the public policy favoring disposition of cases on their merits; and
> (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

**Analysis**

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by Plaintiff's failure to take the steps necessary to prosecute his case. In fact, Plaintiff has been warned multiple times about his failure to follow the rules of civil procedure and the court's local rules:

- In December 2017, after Plaintiff failed to oppose a motion to dismiss, Magistrate Judge Hollows granted Plaintiff an additional opportunity to do so, but Plaintiff failed to timely respond to that motion and order. (ECF Nos. 19, 20.) Plaintiff then failed to appear at the rescheduled hearing. (ECF No. 19.) The magistrate judge recounted the multiple delays occasioned by Plaintiff's failures, and warned him of the case's impending dismissal for failure to prosecute. (ECF No. 31.) Plaintiff responded, apologized for the "honest misunderstanding," and requested leniency due to his pro se status. (ECF No. 33.) The order to show cause was discharged, and the case moved forward (ECF No. 34.)
- Plaintiff filed a motion to amend the complaint in September 2018, but the motion was defectively noticed and Plaintiff was ordered to refile it. (ECF No. 53.) Plaintiff failed to do so, and his motion was denied. (Id.)
- In November 2018, other defendants moved to dismiss on the merits, and Plaintiff failed to timely oppose this motion. (See ECF Nos. 46, 48.) The district judge ultimately concluded that dismissal for failure to prosecute was too harsh a sanction, and thereafter the matter was reassigned to the undersigned. (ECF Nos. 54, 56.) The City Defendants moved to dismiss for failure to prosecute. (ECF No. 55.) Plaintiff was ordered to file opposition, and was warned of the consequences for failing to do so. (ECF No. 58.) Plaintiff failed to timely file opposition to City Defendants' motion. (See ECF No. 63.) The undersigned issued monetary sanctions against Plaintiff for failure to submit a timely opposition and failure to follow the court's orders and the local rules. (ECF No. 65.) Plaintiff paid this sanction, and the case proceeded against City Defendants.
- Most recently, Plaintiff failed to file opposition to City Defendants' motion for judgment

on the pleadings, despite multiple opportunities to do so.  (See ECF No. 88, 89.)  This pattern of behavior shows a blatant disregard for the court's orders and rules.  Plaintiff was well aware of Defendants' intent to file the Rule 12(c) motion, and is also aware that this motion requires a response under the Local Rules.  (See ECF No. 83 at p. 3.)  Despite this most recent failure, the Court provided Plaintiff with an additional opportunity to respond, but Plaintiff failed to do so.  (ECF Nos. 88, 89.)  Thus, it is clear that the first two Ferdik factors favor dismissal.

The third factor (the risk of prejudice to defendants) also favors dismissal.  Defendants have had to file multiple motions concerning Plaintiff's dilatory behavior, and after two years the case has yet to proceed beyond the pleadings stage.  With the passage of time, witnesses' memories fade and evidence becomes stale.  Furthermore, the fifth factor (availability of less drastic alternatives) favors dismissal because the Court has already attempted lesser sanctions.  Multiple judges on this court have warned Plaintiff of the consequences for failing to follow the local rules, but Plaintiff continues to disregard these duties.  The undersigned attempted monetary sanctions in an effort to impress upon Plaintiff the need to follow the rules, but given Plaintiff's payment of the sanction and continued failure to follow the rules, this too seems ineffective.

As to the fourth factor (the public policy favoring disposition of cases on their merits), it is outweighed by the other Ferdik factors.  Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after carefully evaluating the Ferdik factors, the Court concludes that dismissal is appropriate.[1]  Accordingly,  IT IS HEREBY RECOMMENDED that:

1.  The case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

2.  The Clerk of Court be directed to close this case.

---

[1] The Court notes that the City Defendants are the only ones who have moved for a judgment on the pleadings, and claims would still survive against Defendant Soliman.  However, a dismissal for failure to prosecute is also effective against Defendant Soliman, as he is similarly prejudiced by Plaintiff's delays in failing to prosecute the case.  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

1    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  November 7, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

buma.443